## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

JOAN EVOY, as plenary guardian )
of Jillian Palenik and JOSHUA WILSON )
                              )      04 CV 4211 (Evoy)
           Plaintiff, )      consolidated with
                              )      04 C 6694 (Wilson)
v.                                 )      Judge Matthew F. Kennelly
                              )
CRST INTERNATIONAL, INC., et al. )
                              )
           Defendants. )

KC **FILED**
JAN 31 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### PLAINTIFF EVOY'S MOTION TO BAR CERTAIN OPINIONS OF
### HARRY W. SCHWARTZ, M.D. REGARDING LIFE EXPECTANCY

NOW COMES Plaintiff, JOAN EVOY, as Guardian of the Estate of Jillian Palenik, by

and through her attorneys James D. Montgomery and Thomas C. Marszewski, and in support of

her Motion *in limine* to preclude certain opinions of Harry W. Schwartz, M.D. regarding the life

expectancy of Jillian Palenik, states as follows:

     1.     Certain opinions of Dr. Harry W. Schwartz, M.D., as to the life expectancy of

Jillian Palenik should be precluded at trial because these opinions are based on data that has not

been specifically correlated to a person similarly situated to Jillian Palenik, and thus not based

upon reliable principles and methods as required by Rule 702.

     2.     In order to be admissible under Rule 702 of the Federal Rules of Evidence, as well

as under Illinois law, the opinion testimony of Dr. Schwartz must be the product of reliable

principles and methods, and those principles and methods must be applied reliably to the facts of

the case. In this case, Dr. Schwartz's opinion as to the life expectancy of Jillian Palenik is not

based upon reliable principles and methods, nor have those methods, even if reliable, been

reliably applied to the facts in this case.

3. Dr. Schwartz opines that Ms. Palenik's life expectancy is "significantly decreased," "probably" on the order of 15 or 20 years less. *See* Excerpts from Deposition of Harry W. Schwartz, M.D., attached hereto as Exhibit A). However, Dr. Schwartz openly admitted during his deposition that he can't quantify a reduction in Ms. Palenik's life expectancy, and that he must rely upon life tables "being established" in Australia with regards to traumatic brain injury, and then "extrapolate to the American experience." Id. Further, Dr. Schwartz admits that he "[has] not plugged her particular circumstances into a life table to see exactly what [her life expectancy] would be." Id.

4. Much like the present case, the court in Boatman's Nat'l Bank of Belleville v. Martin, 223 Ill. App. 3d 740, 744-745, 585 N.E.2d 1328, 1332 (5th Dist. 1992), citing the Federal Rules of Evidence affirmed the trial court's ruling which excluded all medical literature or data which was not specifically clinically correlated to a patient similarly situated to the Plaintiff. For admissibility, defendants would have to have shown a clinical correlation between the medical literature and data relied upon, and plaintiff's condition.

5. Dr. Schwartz's opinion in this case as to the life expectancy of Jillian Palenik remains premised upon inadmissible and unreliable principals, methods, and data that have not been, and cannot be statistically correlated to a person similarly situated to Jillian Palenik. Additionally, at no time has Dr. Schwartz testified that the data upon which he relies is reasonably relied upon by experts in the field. As such, Dr. Scwhartz's opinion as to life expectancy should be precluded at trial.

WHEREFORE, Plaintiff asks this Court to enter an order precluding Dr. Harry W. Schwartz, M.D., from opining as to Jillian Palenik's life expectancy, or a reduction thereof.

By:_____

Thomas C. Marszewski
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
(312) 977-0200
(312) 977-0209 fax

**Harry W. Schwartz, M.D.**

1   at 12:20.

2        (Discussion is held off the record.)

3        THE VIDEO OPERATOR: Back on the

4   record at 12:21.

5   BY MR. MARSZEWSKI:

6   Q   Refreshing your recollection with respect

7   to Dr. Adair's deposition, Page 55, Line 5 to

8   page 56,Line 21, you just refreshed your

9   recollection with respect to Dr. Adair's

10   testimony on those pages?

11   A   Yes, sir.

12   Q   And is it fair to say that Dr. Adair has

13   testified that Jill's life expectancy is

14   shortened by in the neighborhood of five years

15   as a result of Jill's severe traumatic brain

16   injury?

17   A   That's what he wrote, sir. That's what he

18   said, yes.

19   Q   Do you have any opinion with respect to

20   Dr. Adair's testimony?

21   A   I don't know upon what Dr. Adair bases

22   that particular opinion of five years. He

23   states that's based on his experience as well

24   as literature, but most of the literature that

EXHIBIT

*4*

**Harry W. Schwartz, M.D.**

1    existed in the past is mostly on the spinal

2    cord injury side and not the brain injury side.

3    It's only of late that some very beginning

4    attempts to make life tables have begun with

5    regard to pure traumatic brain injury patients.

6    Q    Do you have an opinion with respect to

7    Jill's life expectancy?

8    A    I believe that it would be significantly

9    decreased based upon the preliminarily evidence

10   that's out at present, including some life

11   tables that are being established for such

12   patients in Australia.

13                Such life tables have yet to be

14   established in the United States that would look

15   at the past experience.   But given severe

16   disabilities ranging from pulmonary to GI, I

17   can't really see how one could expect based upon

18   what's out there to assume a female life

19   expectancy of the late 70s that would be expected

20   in the United States today of a normal person.   I

21   think it would be significantly less than 78, 79

22   years.

23   Q    Do you have an opinion as to Jill's life

24   expectancy?

**Harry W. Schwartz, M.D.**

1   A    I can't really establish a number of

2   years, but I think it would probably be 15 or

3   20 years less.  But one would have to look at

4   the life tables that exist in Australia and try

5   to extrapolate to the American experience.

6   Q    So in terms of having an opinion to a

7   reasonable degree of medical certainty, is it

8   fair to say that you don't have an opinion as

9   to Jillian's life expectancy?

10  A    I have an opinion with a reasonable degree

11  of expectancy based upon the literature that's

12  out there at present that it would be

13  significantly reduced.  I have not plugged her

14  particular circumstances into a life table to

15  see exactly what it would be,  but it would

16  undoubtedly be far less than a normal life

17  expectancy.

18  Q    Have you requested to see Jillian?

19  A    No, I have not.

20  Q    Dr. Adair has seen Jillian on many

21  occasions?

22  A    Yes, sir.

23  Q    Based on your review of his deposition,

24  he continues to have follow-up appointments

**Harry W. Schwartz, M.D.**

```
1    with her?
2    A    Yes, sir.
3    Q    Dr. Adair has treated patients with severe
4    traumatic brain injuries in his work?
5    A    Yes, sir.
6    Q    In your report you refer to housing
7    options.  First of all, I want to ask you,
8    generally speaking, whether you've become
9    familiar in any way with the housing market in
10   the southwest suburbs of Chicago?
11   A    No, sir.
12   Q    Have you spoken to any person who does
13   have any degree of expertise in that area?
14   A    No, sir.
15   Q    Would you agree that Jill should not have
16   to relocate from the southwest suburbs of
17   Chicago?
18   A    I wouldn't necessarily agree or disagree
19   with that.  Wherever a patient can be that's
20   wheelchair accessible is sufficient as long as
21   it's in the same neighborhood.
22   Q    Let me put it another way, if Jill is not
23   able to make her own decisions and her
24   guardian, her mother, prefers to live in the
```