# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4211 | **DATE** | 2/14/2006 |
| **CASE TITLE** | Evoy vs. CRST Van Expedited, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in open court and in this order: Plaintiff's motion for leave to file third amended complaint, defendants' motion for protective order, defendants' motion for reconsideration, is granted [#71, 73, 80]; summary judgment is granted for defendants on plaintiff's claim of willful and wanton conduct, and for this reason, defendants' motion to bifurcate is denied as moot [#69]; defendants' motion *in limine* is granted in part and denied in part [#75]. Plaintiff's motion to bar videotaped depositions was previously ruled upon and is therefore terminated [#87]. Case is held for 5 day jury trial as to damages, starting on 2/21/06 at 9:45 a.m.

■ [ For further details see text below.]    Docketing to mail notices.

# STATEMENT

Defendants' motion for reconsideration of the Court's ruling denying their motion for summary judgment on the claim of "willful and wanton" conduct is granted [docket no. 73]; as more fully explained in open court, plaintiffs have identified no admissible evidence supporting a claim for willful and wanton conduct or for punitive damages. Defendants are therefore entitled to summary judgment on that claim.

Defendants' motion *in limine* [docket no. 75] is granted in part and denied in part as stated below:

1. Defendants' motion to bar evidence of Mr. Leopold's mental health records or history of treatment is granted; plaintiffs have identified no evidence that Mr. Leopold's mental disease (schizoaffective disorder) or his suicide attempt had any relationship with the collision at issue in this case. And even if marginally relevant, this is far outweighed by the unfair prejudice to defendants that would result from admission of Mr. Leopold's disease and suicide attempt. *See* Fed. R. Evid. 402 & 403.

2. Defendants' motion to bar evidence of Mr. Leopold's sexual orientation or sexual identity is granted; there is no evidence this has any connection with the collision. *See* Fed. R. Evid. 402 & 403.

3. Defendants' motion to bar evidence of subsequent remedial measures is granted without objection.

4. Defendants' motion to bar evidence of "loss to the community" is granted without objection.

5. Defendants' motion to bar lay witness testimony regarding the nature and extent of Ms. Palenik's injuries is denied. Plaintiff's lay witnesses properly can testify regarding their observation of Ms. Palenik, in particular on the subjects discussed at pages 2-3 of plaintiff's response.

| STATEMENT |
|---|

6. Defendant's motion to bar plaintiff's "day-in-the-life" videotapes is granted in part. The video clip referred to as the "pot roast" clip is excluded as unduly cumulative. *See* Fed. R. Evid. 403. The motion is otherwise denied, as the evidence is relevant to show Ms. Palenik's current condition and how it has changed since before the collision, and it is not unduly prejudicial.

7. Defendants' motion to bar evidence of an inexperienced co-driver is granted without objection.

8. Defendants' motion to bar reference to defendants' drivers' handbook is granted without objection.

9. Defendants' motion to bar the testimony of David Sallmann is granted in part and denied in part as stated in open court. Sallmann's testimony that the collision was consistent with impairment on the part of Leopold is granted; however, Sallman may testify regarding how the collision took place, subject to the Court's authority under Fed. R. Evid. 403.

10. Defendants' motion to bar evidence of the scheduling of a CB radio installation is granted without objection.

11. Defendants' motion to bar evidence and argument on liability as to negligence is granted, as defendants have admitted negligence liability.

12. Defendants' motion to bar evidence that CRST Van Expedited, Inc. failed to obtain or review the medical records of Mr. Leopold is granted for the reasons stated in open court.

13. Defendants' motion to bar evidence of a prior motorcycle accident of Mr. Leopold is granted; plaintiffs have pointed to no evidence that there is any connection whatsoever between the prior accident and the collision at issue in this case. Even if marginally relevant, this would be far outweighed by the unfair prejudice defendants would suffer from admission of this evidence. *See* Fed. R. Evid. 402 & 403.

14. Defendants' motion to bar the testimony of V. Paul Herbert is granted in part without objection, as set forth in plaintiff Evoy's response to the motion, and is otherwise granted for the reasons stated in open court.

15. Defendants' motion to bar testimony that Mr. Leopold was asleep is granted.

16. Defendants' motion to bar evidence of Mr. Leopold's prescription medications is granted for the reasons stated in open court.

17. Defendants' motion to bar plaintiff from asking the jury to send a message is granted.

Defendants' motion for protective order regarding the deposition and document request served on Wesley Brackey [docket no. 71] is granted in light of the fact that plaintiffs have identified no admissible evidence supporting a claim for punitive damages.

Defendants' motion to bifurcate the issues of compensatory and punitive damages [docket no. 69] is denied as moot; because plaintiffs have identified no admissible evidence that would support a claim for punitive damages, defendants are entitled to entry of summary judgment on that claim.