# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JOAN EVOY, as plenary guardian )
of Jillian Palenik and JOSHUA WILSON )
)
        Plaintiffs, )  04 CV 4211 (Evoy)
) *consolidated with*
    v. ) *04 C 6694 (Wilson)*
) Judge Matthew F. Kennelly
CRST INTERNATIONAL, INC., CRST VAN )
EXPEDITED, INC., and THOMAS A. )
LEOPOLD, )
        Defendants. )

## FINAL PRETRIAL ORDER

    (a) Each of the foregoing categories is included:

1.    Jurisdiction
2.    Claims
3.    Relief sought
4.    Witnesses
5.    Exhibits
6.    Type and length of trial
7.    Settlement history
8.    Proposed findings and conclusions
9.    Proposed voir dire questions and objections
10.   Proposed jury instructions and objections

    (b) This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.

Attorney for PLAINTIFF JOAN EVOY,       Attorney for JOSHUA WILSON
guardian of Jillian Palenik

James D. Montgomery                Bruce Dickman
Thomas Marszewski             134 N. LaSalle, Suite 2222
Cochran, Cherry, Givens, Smith &     Chicago, IL 60602
Montgomery
One North LaSalle Street, Suit 2450
Chicago, Illinois 60602

1

Attorney for CRST INTERNATIONAL,
INC., CRST VAN EXPEDITED, INC., and
THOMAS A. LEOPOLD

John W. Patton, Jr.
Patton & Ryan
330 N. Wabash Ave.
One IBM Plaza, #2900
Chicago, IL 60611

DATE: 2 - 13 - 06

Judge Matthew F. Kennelly

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JOAN EVOY, as plenary guardian ) 
of Jillian Palenik ) 
         Plaintiff, )   04 CV 4211 
      v. )   Judge Matthew F. Kennelly 
 ) 
CRST INTERNATIONAL, INC., CRST VAN ) 
EXPEDITED, INC., and THOMAS A. )   Transfer from Cook Cty. 
LEOPOLD, )   No. 04 L 5572 
         Defendants. ) 

### FINAL PRETRIAL ORDER

NOW COMES the Parties, Plaintiff Joan Evoy, plenary guardian of the Estate of Jillian

Palenik, Plaintiff Joshua Wilson and Defendants CRST International, Inc., CRST Van

Expedited, Inc. and Thomas A. Leopold by their respective counsel, jointly submit the

following:

1.    Jurisdiction: This court has jurisdiction over these cases on the basis of diversity

of citizenship pursuant to 28 U.S.C. 1446 and 28 U.S.C. 1332.

2.    Claims: Plaintiff Joan Evoy, as guardian of her daughter, Jillian Palenik, was

severely injured on April 21, 2004 when a CRST truck driven by a CRST employee collided into

the front passenger portion of a van in which Jillian was a front seat passenger. Plaintiff Joshua

Wilson, the driver of the van, suffered severe injuries in the same accident.

The defendants admit that they were negligent in causing the collision on April 21, 2004.

Defendants further admit that the collision was a proximate cause of Jillian Palenik's and Joshua

Wilson's injuries.

The defendants deny that they were willful and wanton in any of the ways claimed by the

plaintiffs. Further, defendants deny that the plaintiffs are entitled to punitive damages.

3

3.   Relief sought:

For: Jillian Palenik

a.   Past medical expenses.
b.   Past lost earnings.
c.   Future medical expenses, including medical care, medical treatment, medical services, medication costs, caretaking expenses, transportation expenses, housing expenses and all items included on Dr. Gary Yarkony's previously disclosed medical life care plan.
d.   Future lost earnings.
e.   Past, present and future disfigurement resulting from Jillian's April 21, 2004 injuries.
f.   Past and present disability experienced by Jillian resulting from her injuries.
g.   Future disability that Jillian is reasonably certain to experience as a result of her injuries.
h.   Loss of a normal life experienced by Jillian resulting from her injuries.
i.   Loss of a normal life reasonably certain to be experienced in the future by Jillian resulting from her injuries.
j.   Pain and suffering experienced by Jillian as a result of her injuries.
k.   Pain and suffering reasonably certain to be experienced in the future as a result of Jillian's injuries.
l.   Punitive damages for CRST's willful and wanton conduct as set forth in Illinois Pattern Jury Instruction 35.01 and 35.02.

For: Joshua Wilson

a.   Past medical expenses.
b.   Past lost earnings.
c.   Past and present loss of a normal life experienced by Joshua Wilson resulting from his injuries.
d.   Future loss of a normal life that Joshua Wilson is reasonably certain to experience as a result of his injuries.
e.   Pain and suffering experienced by Joshua Wilson as a result of his injuries.
f.   Pain and suffering reasonably certain to be experienced in the future as a result of Joshua Wilson's injuries.
g.   Punitive damages for CRST's willful and wanton conduct as set forth in Illinois Pattern Jury Instruction 35.01 and 35.02.

4.   Witnesses:

Plaintiff Evoy will call the following:
a.   Illinois State Trooper Guy Vancina

4

16648 South Broadway
Lockport, Illinois 60441
Deposition excerpts:  (1) p. 4, line 13- p. 5, line 9; (2) p. 6, line 12- p. 27, line 7; (3) p. 30, line 7- p. 61, line 14; (4) p. 61, line 25- p. 68, line 24; (5) p. 69, line 10- p. 82, line 9.

Defendants' Objection: Pursuant to motion in limine as Defendants have admitted negligence

b.    David Sallmann
3575 Grand Avenue, Suite A
Gurnee, IL 60031
Mr. Sallmann is a mechanical engineer.  He viewed the accident scene, the truck and the van at issue in this case and he performed an accident reconstruction based upon the above and his training, experience and expertise in accident reconstruction.

Defendants' Objection: Pursuant to motion in limine

c.    Joshua Wilson (liability)
454 Seneca Lane
Bolingbrook, IL 60440

d.    Thomas Leopold (CRST- Adverse Examination)
1125 Maplewood Drive
Cedar Rapids, Iowa

e.    Raychelle Puchta (CRST- Adverse Examination)
CRST International, Inc.
3930 16th Avenue, SW
Cedar Rapids, IA 52406

f.    Joshua Birr (CRST- Adverse Examintion)
CRST International, Inc.
3930 16th Avenue, SW
Cedar Rapids, IA 52406

g.    Matt Davis (CRST- Adverse Examination)
CRST International, Inc.
3930 16th Avenue, SW
Cedar Rapids, IA 52406

h.    Scott Randall (CRST- Adverse Witness)
CRST International, Inc.
3930 16th Avenue, SW

Cedar Rapids, IA 52406

i.     Paul Herbert
954 Butterfly Valley Road
Quincy, CA 95971
Mr. Herbert is an expert in the area of trucking and motor carrier safety.

Defendants' Objection: Pursuant to motion in limine Daubert objection

j.     EMT Macayla Maynard
218 W. Madison St.
Ottawa, Illinois
Deposition excerpts: p. 6, line 5- p. 53, line 18

Defendants' Objection: Cumulative to the testimony of Thomas Gass.
P.29, Lns. 13-17- Objection stated on the record. P.41, Ln. 12- Objection
stated on the record.

k.     EMT Thomas F. Gass
218 W. Madison St.
Ottawa, Illinois
Deposition excerpts: p. 7, line 8- p. 25, line 20

Defendants' Objection: Cumulative to the testimony of Macayla Maynard.

l.     Dr. Andreas Fischer, M.D.
1235 N. Mulford Road
Rockford, Illinois
Videotaped Deposition- Plaintiff will show entire deposition

Defendants' Objection: P.16, Lns. 11-23- Stated objection on the record,
P.33, Lns. 5-21- Stated objection on the record. P.51-52, Lns. 21-19-
Stated objection on the record.

m.     Dr. Kenneth Mihelich, M.D.
1848 Daimler Road
Rockford, Illinois
Deposition excerpts: p. 4, line 19- p. 26, line 14

Defendants' Objection: P.11, Lns. 18-23- Stated objection on the record.

n.     Dr. Puliyodil Phillip
345 E. Superior St.
Chicago, Illinois
Deposition excerpts: p. 4, line 8- p. 47, line 10

o.    Dr. Joseph Mayer, M.D.
2320 High Street
Blue Island, Illinois
Deposition excerpts: (1) p. 3, line 8- p. 17, line 5; (2) p. 17, line 12- p. 40, line 19

p.    Dr. Roy Adair, M.D.
4400 W. 95th Street
Oak Lawn, Illinois
(In the event that Dr. Adair is not available to testify live at trial, Plaintiff will read the following deposition excerpts: p. 4, line 12- p. 26, line 22; p. 27, line 8- p. 47, line 11; p. 49, line 2- p. 68, line 19)

q.    Dr. Gary Yarkony, M.D.
325 Cherokee Road
Lake Forest, Illinois 60045
Dr. Yarkony is an expert in the area of physical medicine and rehabilitation and developed Jillian's Medical Life Care plan in this case.

r.    Dr. Phillip Rushing, Ph.D.
1808 Cobblefield Court
Champaign, IL 61822
Dr. Rushing is a professor and expert in the area of economics

s.    Mary Lake
9148 South Hamlin
Evergreen Park, Illinois

t.    Gary Palenik
11519 W. 115th Place
Alsip, Illinois

u.    Jackie Palenik
4519 W. 115th Place
Alsip, Illinois

v.    Joan Evoy
4519 W. 115th Place
Alsip, Illinois

w.    CRST CFO Wesley Brackey
CRST International, Inc.
3930 16th Avenue, SW
Cedar Rapids, IA 52406

Plaintiff Evoy may call the following:

a.  If necessary, Photographer Thomas J. Grenna to testify that he took previously produced photographs of the accident scene on May 19, 2004.

b.  If necessary, relevant hospital administrators to testify to the foundation of medical bills from:
    - St. Anthony Medical Center, Rockford, Illinois
    - Rehabilitation Institute of Chicago, Illinois
    - Christ Medical Center, Oak Lawn, Illinois

c.  If necessary, Ray Peters to establish the foundation for the 7/1/04 Day in the Life video of Jillian Palenik at the Rehabilitation Institute of Chicago

d.  If necessary, Trial Graphix Videographer Mike Neuzil, 954 W. Washington Blvd., Suite 380, Chicago, IL 6060 to establish the foundation for the 4/11/05 Day in the Life video of Jillian Palenik at her residence.

Plaintiff Wilson will call the following witnesses:

a.  John Reilley M.D. VIA (Video deposition)
    4115 Fairview Avenue
    Downer's Grove, Illinois 60515
    Treating orthopedic surgeon

    Defendants' objection on the record- p. 24 line 21 to p. 25 line 23

    Plaintiff Wilson response:  This is not hearsay as Dr. John Reilley's video deposition is being offered into evidence in its entirety and his opinion is part of the treating record  like any diagnostic test such as a ct scan or x-ray.

b.  Guide Marra M.D. VIA (Video deposition)
    2160 South First Avenue, Suite 1700
    Maywood, Illinois 60153
    Orthopedic surgeon with subspecialty in elbows and shoulders

    Defendants' objection on the record- p. 13 lines 14-18; p. 15 lines 21-24; p. 16 lines 7-11, 21; p. 18 lines 2-7
    Plaintiff Wilson's response:  P.13 line 14 thruline18:  The question was asked and answered before the objection.  Furthermore, the question is a proper question.

    P.15, line 21 thru p.16, line 4:  Dr. Marra has previously testified to conducting a physical examination of Joshua, reviewed diagnostics such as x-rays and ct scans and taken a history from Joshua giving him the foundation to render opinions about Joshua's condition.  His prior testimony has also touched upon the cartilage damage.

8

P.16, line 17 thru p. 17, line10:   Dr. Marra has previously testified to conducting a physical examination of Joshua, reviewed diagnostics such as x-rays and ct scans and taken a history from Joshua giving him the foundation to render opinions about Joshua's condition.  His prior testimony has also touched upon the cartilage damage.

P.18, line2 thru line19:  The foundation has previously been laid as set forth above.  His medical qualifications and prior foundation give him the basis to answer the question.

c.      Joshua Wilson -Plaintiff
        454 Seneca
        Bolingbrook, Illinois 60440

Defendants will call the following witnesses:

a.      Thomas A. Leopold
        1125 Maplewood Drive
        Cedar Rapids, Iowa

b.      Matthew Davis
        CRST Van Expedited, Inc.
        3930 16th Avenue, SW
        Cedar Rapids, Iowa

c.      Scott Randall
        CRST Van Expedited, Inc.
        3930 16th Avenue, SW
        Cedar Rapids, Iowa

d.      Dr. Mark Hutchinson
        Associate Professor and Director of Sports Medicine at UIC
        901 South Wolcott Avenue
        Chicago, Illinois
        Dr. Hutchinson is an expert in orthopedic surgery

e.      Witney G. Morgan
        1801 Oxmoor Road, Suite 100
        Birmingham, Alabama
        Mr. Morgan is an expert in the area of trucking and motor carrier safety

f.      Dr. Robert A. Baade
        375 Arbor Drive
        Lake Bluff, Illinois

Dr. Baade is a professor and expert in the area of economics.

Plaintiff Evoy Objection: Pursuant to motion in limine

The Defendants may call the following witnesses:

a.   Raychelle Puchta – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

b.   Joshua Birr – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

c.   Jeffrey Doonan  – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

d.   Brent Belding  – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

e.   Wesley Brackey – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

f.   George Brandmayr – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

g.   Dr. Arthur E. Barnes – 3835 Cottage Grove, SE, Cedar Rapids, Iowa

h.   Dr. Ali Safdar – 520 11th Street, NW, Cedar Rapids, Iowa

i.   David Rusch – CRST Van Expedited, Inc., 3930 16th Avenue, SW, Cedar Rapids, Iowa

j.   John Smith- President CRST International
k.   Plaintiff Joan Evoy

l.   Plaintiff Joshua Wilson

m.   Dr. Roy Adair

n.   Illinois State Trooper Guy Vancina – Deposition p.82, Line 13 - p.110, Line 19 (in the event Plaintiff is allowed to present Trooper Vancina)

o.   Jesse Bledsoe – 704 Mount Zion Road, Church Hill, TN

p.   Ray Letourneau – 11307 Grand Oak Dr., Grand Blanc, MI

q.  Dr. Harry Schwartz – Moss Rehabilitation Hospital, 1200 West Tabor Road, Philadelphia, Pennsylvania – Dr. Schwartz is an expert in the area of physical medicine and rehabilitation.

Plaintiff Evoy's Objection: Pursuant to motion in limine

7.  <u>Plaintiff Exhibits</u> (numbers in parenthesis refer to number of page stamped during discovery production)

Plaintiff Evoy Exhibits:

Ex. 1.      Illinois Traffic Crash Report (630-633)

Defendants' Objection- Hearsay

Ex. 2.      4/21/04 Statement of Thomas Leopold (170)

Ex. 3.      4/21/04 Statement of Thomas Michael Larson (171)

Ex. 4.      4/21/04 Accident Scene Measurements (634)

Defendants' Objection- Hearsay

Ex. 5.      Illinois State Police Tow-In Report (637, 649)

Defendants' Objection- Hearsay

Ex. 6.      Illinois State Police Traffic Crash Investigation (638-643)

Defendants' Objection- Hearsay
Ex. 7-40.   Photographs taken by Illinois State Trooper Guy Vancina of 4/21/04 Accident Scene, previously marked as Vancina Dep. Ex. 7-40.

Ex. 41. Photograph of Thomas J. Grena taken 5/19/04 previously marked as Vancina Dep. Ex. 113.

Ex. 42. Photograph previously produced as #502 and Vancina Dep. Ex. 44

Ex. 43      David Sallmann C.V. (Sallman Dep. Ex. 1)

Defendants' Objection- Pursuant to motion in limine

Ex. 44      David Sallmann Report (Sallmann Dep. Ex. 2)

11

Defendants' Objection- Pursuant to motion in limine

Ex. 45    IDOT Aerial photograph of accident site with supporting correspondence (1364-1369)

Ex. 46    Sallmann Scene Diagram (Sallmann Dep. Ex. 9- 1785, 1787)

Defendants' Objection- Pursuant to motion in limine

Ex. 47    (Group Exhibit) Thirty-eight photographs taken by photographer Thomas Grenna on May 19, 2004 of the accident location and white Dodge van in which Jillian Palenik was a passenger (35-72)

Defendants' Objection- Cumulative

Ex. 48    (Group Exhibit) Photographs of accident site and vehicles taken by Gary W. Cooper, produced by Defendants:
Photo Group 1-1 to 1-50
Photo Group 2-1 to 2-18
Photo Group 3-1 to 3-24
Photo Group 4-1 to 4-50
Photo Group 5-1 to 5-50
Photo Group 6-1 to 6-25

Defendants' Objection- Cumulative and irrelevant

Ex. 49    (Group Exhibit) One hundred and twenty-four (124) David Sallmann photographs (481-605)

Defendants' Objection- Cumulative

Ex. 50    CRST Truck Driver Training Records- Kirkwood Community College of Leopold

Ex. 51    CRST Company Driver Application of Leopold (CRST 28-32, 39-47)

Ex. 52    Leopold 1/26/04 Medical Examination Certificate (CRST 36)

Ex. 53    Leopold Professional Expectation Sheet (CRST 56)

Ex. 54-A    CRST Driver Evaluation of Leopold, 2/3/04 (CRST 58)

| | |
|---|---|
| Ex. 54-B | CRST Van Expedited Driver Acknowledgements/Authorization of Leopold (CRST 81-84) |
| Ex. 55 | Leopold Driver's Daily Logs, 2/19/04-3/3/04 (CRST 19-27) |
| Ex. 56 | Leopold Driver's Daily Logs, 3/4/04-3/26/04 (CRST 16-18) |
| Ex. 57-A | Leopold's 3/10/04 Authorization for Disclosure of Protected Health Information to CRST (CRST 50-51) |
| Ex. 57-B | Leopold's medical records from Dr. Ali Safdar/Abbe Center for Community Mental Health |
| Ex. 58 | Leopold Driver's Daily Logs, 3/27/04-4/7/04 (CRST 4-15) |
| Ex. 59-A | Leopold Driver's Daily Logs, 4/8/04-4/21/04 (CRST 1-3) |
| Ex. 59-B | Summary Chart of Days Leopold Drove and Did Not Drive from 2/19/04-4-21/04 (for demonstrative purposes) |
| Ex. 60 | Medical Examination Report for Commercial Driver Fitness Determination filled out by Thomas A. Leopold on 1/26/04 |
| Ex. 61 | Dr. Ali Safdar's 3/10/04 fax to Raychelle Puchta/CRST and 3/27/04 to Josh Birr/CRST (CRST 33) |
| Ex. 62 | Dr. Ali Safdar's 3/22/04 letter to CRST/Matt Davis (CRST 49) |
| Ex. 63 | Satellite messages and position reports of CRST truck at issue, sent or received on 4/20/04-4/21/04 (CRST 242-252) |
| | Defendants' Objection- Defendants object to QualComm message of Puchta sent 4/21/04 at 11:57;39 as a post-accident remedial measure as well as prejudice outweighing the probative value |
| Ex. 64 | 49 CFR 391.41, Physical Qualifications for Drivers (Randall Dep. Ex. 13) |

Ex. 65        CRST Van Expedited Professional Driver's Handbook effective May, 2004 (CRST 307-452)

Ex. 66        CRST Van Expedited Professional Driver's Handbook in effect at the time of the 4/21/04 accident (CRST 453-634)

Ex. 67        Paul Herbert C.V.
Defendants' Objection- Pursuant to motion in limine.

Ex. 68        Paul Herbert Report
Defendants' Objection- Pursuant to motion in limine.

Ex. 69        EMS Rescue and Ambulance Report (Maynard Dep. Ex. 1) (167-167A)

Defendants' Objection- Cumulative and hearsay.

Ex. 70        Dr. Andreas Fischer, M.D.'s C.V. (Marked for witness use only)

Ex. 71        (Group Exhibit) Fischer X-Rays (Fischer Dep. Exs. 4, 6, 7, 10, 12, 13, 16, 20, 22, 25, 28, 29)

Ex. 72        Jillian Palenik Multiple Fractures of Pelvis- Illustration/X-Ray/CT Scan (Fischer Dep. Ex. 8)

Defendants' Objection- Placed on the record, p. 16, Lns. 11-23. As to graphic nature, prejudicial and cumulative as to the actual x-rays.

Ex. 73        Jillian Palenik Fracture of Proximal Right Humerus Illustrations and X-Rays before and following open reduction and internal fixation (Fischer Dep. Ex. 14)

Defendants' Objection- Placed on the record, p. 16, Lns. 11-23. As to graphic nature, prejudicial and cumulative as to the actual x-rays.

Ex. 74        Jillian Palenik Fracture of Left Clavicle Illustration and X-Ray (Fischer Dep. Ex. 17)

Defendants' Objection- Placed on the record, p. 16, Lns. 11-23. As to graphic nature, prejudicial and cumulative as to the actual x-rays.

Ex. 75     Jillian Palenik Fractures of Right Tibia and Fibula Illustrations and X-Rays before and following open reduction and internal fixation (Fischer Dep. Ex. 26)

Defendants' Objection- Placed on the record, p. 16, Lns. 11-23. As to graphic nature, prejudicial and cumulative as to the actual x-rays.

Ex. 76     Jillian Palenik Fractures of Right Hand and Fingers-Illustration and X-Rays

Defendants' Objection- Placed on the record, p. 16, Lns. 11-23. As to graphic nature, prejudicial and cumulative as to the actual x-rays.

Ex. 77     Dr. Kenneth Mihelich, M.D.'s C.V. (Marked for witness use only)

Ex. 78     St. Anthony Medical Center Records (SA 55-70, 74-75, 79, 82-84, 92, 98-99) (Mihelich Dep. Ex. 2)

Ex. 79     Photographs of Jillian Palenik taken at St. Anthony Medical Center (73-89) (Mihelich Dep. Ex. 3)

Defendants' Objection- Cumulative and prejudice outweighs probative value

Ex. 80     Dr. Kenneth Mihelich, M.D.'s St. Anthony Medical Center Discharge Summary (SA 37-38) (Mihelich Dep. Ex. 4)

Ex. 81     Dr. Puliyodil A. Philip, M.D.'s C.V. (Marked for witness use only)

Ex. 82     Dr. Puliyodil A. Philip, M.D.'s Rehabilitation Institute of Chicago Discharge Summary of Jillian Palenik (RIC 340-342) (Philip Dep. Ex. 2)

Ex. 83     Dr. Puliyodil A. Philip M.D.'s 12/28/04 Outpatient Note re: exam of Jillian Palenik

Ex. 84     Dr. Joseph H. Mayer, M.D.'s C.V. (Marked for witness use only)

Ex. 85     St. Anthony Medical Center CT scans of Jillian Palenik's brain previously marked as Mayer Dep. Exs. 2-5

| | |
|---|---|
| Ex. 86 | Dr. Joseph H. Mayer, M.D.'s 10/5/04 notes of treatment/exam of Jillian Palenik (Mayer Dep. Ex. 6) |
| Ex. 87 | Dr. Joseph H. Mayer, M.D.'s 10/19/04 notes of treatment/exam of Jillian Palenik |
| Ex. 88 | Dr. Roy Adair, M.D's C.V. (Marked for witness use only) |
| Ex. 89 | Rancho Los Amigos Scale (Adair Dep. Ex. 2) |
| Ex. 90 | Dr. Roy Adair medical records of Jillian Palenik (1604-1614) |
| Ex. 91 | Dr. Gary Yarkony Medical Life Care Plan of Jillian Palenik (1377-1382) |
| | Defendants' Objection: No objection, if same not admitted into evidence. |
| Ex. 92 | Dr. Gary Yarkony, M.D.'s C.V. (Yarkony Ex. 1, 1517-1580) (Marked for witness use only) |
| Ex. 93 | St. Anthony Medical Center bills |
| Ex. 94 | Rehabilitation Institute of Chicago bills |
| Ex. 95 | Prescriptions (429-480) |
| Ex. 96 | Christ Hospital Medical Center bills (1014-1021, 1620-1626, 1903-1912) |
| Ex. 97 | Christ Hospital and Medical Center records (895-1013, 1620-1626, RCS 1-432) |
| Ex. 98 | Interim Health Care bills (1022-1046, 1627-1640) |
| Ex. 99 | Interim Health Care medical records (1047-1210, 1641-1783) |
| Ex. 100 | Dr. Gary Yarkony, M.D. notes of 12/9/04 visit with Jillian Palenik |
| | Defendants' Objection: Cumulative |

16

| | |
|---|---|
| Ex. 101 | Dr. Gary Yarkony, M.D. notes of 7/6/05 visit with Jillian Palenik |
| | Defendants' Objection: Cumulative |
| Ex. 102 | Dr. Philip Rushing, Ph.D.'s C.V. (Marked for witness use only) |
| Ex. 103 | Jillian Palenik W-2/Income Tax Returns (649-664) |
| Ex. 104 | Dr. Philip Rushing, Ph.D.'s lost earnings calculation report (1406-1422) (marked for witness use only) |
| Ex. 105-A | Dr. Philip Rushing, Ph.D.'s future life medical care calculations report (1383-1405) (marked for witness use only) |
| Ex. 105-B | Dr. Philip Rushing, Ph.D.'s critique of Dr. Robert Baade report (marked for witness use only) |
| Ex. 105-C | Summary sheet of Upper and Lower Bound Damages from Dr. Philip Rushing (for demonstrative purposes) |
| Ex. 106 | U.S. Department of Health and Human Services, National Vital Statistics Reports, United States Life Tables, 2001, Vol. 52, Number 14, 2/18/04 |
| Ex. 107 | Mary Lake pictures of Jillian Palenik (665-683) |
| | Defendants' Objection: defendants object to the photographs and the writing on the photographs, as their prejudice outweighs the probative value of the evidence. |
| Ex. 108 | Family photographs including Jillian Palenik (1320-1346, 1425-1475) |
| | Defendants' Objection- Cumulative and the prejudice outweighs the probative value of the evidence |
| Ex. 109 | Pre-accident video segments including Jillian Palenik (1423-1424) |
| | Defendants' Objection- Cumulative and the prejudice outweighs any probative value |

Ex. 110       Jillian Palenik Pot Roast Dinner DVD Video

Defendants' Objection- Cumulative and the prejudice outweighs any probative value

Ex. 111       Photos of Jillian Palenik (previously produced on CD)

Defendants' Objection- Cumulative and the prejudice outweighs any probative value

Ex. 112       7/1/04 Day in the Life video of Jillian Palenik

Defendants' Objection- Cumulative and the prejudice outweighs any probative value. In addition, defendants object to Attorney Marszewski appearing in the video and asking questions of the physical therapist. Defendants also object to conversations regarding insurance and medical equipment.

Ex. 113       4/11/05 Day in the Life video of Jillian Palenik

Defendants' Objection- Cumulative and the prejudice outweighs any probative value.

Ex. 114       National Seating Records (1347-1363)

Ex. 115       Prescription receipts (1885-1900)

Ex. 116       Ultracal Receipts (1901-1902)

Ex. 117       Wheelchair Accessible Van receipt (1883-1884)

Ex. 118       Summary of all medical and other relevant bills from Exs. 93, 94, 95, 96, 98, 114-117 (for demonstrative purposes)

Ex. 119       CRST Dunn & Bradstreet financial report (1788-1799)

Defendants' Objection- Irrelevant and prejudicial, see *Fopay v. Noveroske*, 31 Ill.App.3d 182 (5th Dist. 1975).

Ex. 120       CRST balance sheets, 2001-2005

Defendants' Objection- Irrelevant and prejudicial, see *Fopay v. Noveroske*, 31 Ill.App.3d 182, 200 (5th Dist. 1975).

18

Ex. 121        CRST Statements of Final Net Worth, 2001-present

Defendants' Objection- Overly broad.

Ex. 122        CRST Federal and State income tax returns, 2001-2005

Defendants' Objection- Irrelevant and prejudicial, see *Fopay v. Noveroske*, 31 Ill.App.3d 182, 200 (5th Dist. 1975).

Ex. 123        CRST statements of gross income and net income for 2001-2005

Defendants' Objection- Irrelevant and prejudicial, see *Fopay v. Noveroske*, 31 Ill.App.3d 182, 200 (5th Dist. 1975).

Ex. 124        CRST Employee Newsletters for 11/04, 12/04 and 6/05 published on CRST website

Defendants' Objection- Irrelevant.

Ex. 125        Blow-up chart listing the elements of damages as provided in the jury instructions with a blank space next to each element. Plaintiff's attorney to fill in amounts during closing argument. (for demonstrative purposes)

Plaintiff Wilson Exhibits:

Ex. 1        Invoice from Marseilles Area Ambulance

Ex. 2        Invoice from Community Hospital of Ottawa (3pp.)

Ex. 3        Statement from Bhurji Sinh, M.D.S.C.

Ex. 4        Invoice from Arturo Tomas, M.D. LTD.

Ex. 5        Statement from Adventist Health Partners

Ex. 6        Statement dated 06/07/04 from M&M Orthopedics, Ltd. (3pp.)

Ex. 7        Statement dated 10/09/04 from M&M Orthopedics, Ltd.

19

Ex. 8          Statement dated 10/07/04 from M&M Orthopedics, Ltd.

Ex. 9          Statement from Naperville Radiologists S.C.

Ex. 10         Invoice from Edward Hospital & Health Services dated
               08/10/04

Ex. 11         Invoice from Edward Hospital & Health Services dated
               08/12/04

Ex. 12         Invoice from Edward Hospital & Health Services dated
               09/01/04

Ex. 13         Invoice from Edward Hospital & Health Services dated
               09/03/04

Ex. 14 – 18    Photographs of Joshua Wilson taken April 22, 2004

Ex. 19 – 24    Photographs of Joshua Wilson taken of May, 2004

Ex. 25         National Vital Statistics Report, Vol. 53, No. 6, November
               10, 2004 (3pp.)

Ex. 26         Blow-up chart listing the elements of damages as provided
               in the jury instructions with a blank space next to each
               element. Plaintiff's attorney to fill in amounts during
               closing argument. (for demonstrative purposes)

Plaintiff Wilson adopts Plaintiff Evoy Exhibits 1-68, 119-124

Defendants repeat and reallege objections to Evoy exhibits 1-68, 119-124
as though fully set forth herein.

Defendants' Exhibits:

Ex. 1    CRST driving evaluation dated 2-13-04

Ex. 2    Written examination for drivers dated 2-17-04

Ex. 3    CRST hazardous materials test dated 2-17-04

Ex. 4    QualComm Satellite Message test dated 2-17-04

20

Plaintiff Evoy Objection: relevance

Ex. 5    Certificate of HazMat training dated 2-19-04

Plaintiff Evoy Objection: relevance

Ex. 6    Abbe Center fax cover sheet dated 3-17-04

Ex. 7    Abbe Center authorization for disclosure of protected health information

Ex. 8    Letter from Dr. Ali Safdar dated 3-22-04

Ex. 9    CRST Van Expedited driver file pre-audit check list

Ex. 10   Kirkwood driver training program school verification
Ex. 11   Medical examiner's certificate of Thomas A. Leopold dated 1-26-04

Ex. 12   Copy of Leopold's Iowa Commercial Drivers' License

Ex. 13   Thomas Leopold's CRST company driver application

Ex. 14   Group Exhibit – Thomas Leopold's driver's daily logs dated:

| | |
|---|---|
| a. | 2-19-04 |
| b. | 2-25-04 |
| c. | 2-26-04 |
| d. | 2-27-04 |
| e. | 2-28-04 |
| f. | 2-29-04 |
| g. | 3-1-04 |
| h. | 3-2-04 |
| i. | 3-3-04 |
| j. | 3-4-04 |
| k. | 3-5-04 |
| l. | 3-26-04 |
| m. | 3-27-04 |
| n. | 3-28-04 |
| o. | 3-29-04 |
| p. | 3-30-04 |
| q. | 3-31-04 |
| r. | 4-1-04 |
| s. | 4-2-04 |

| t. | 4-3-04 |
| u. | 4-4-04 |
| v. | 4-5-04 |
| w. | 4-6-04 |
| x. | 4-7-04 |
| y. | 4-8-04 |
| z. | 4-20-04 |
| aa. | 4-21-04 |

Ex. 15  Kirkwood Community College truck driver training records

Ex. 16  CRST lead driver evaluation of trainee's progress dated 3-3-04

Ex. 17  CRST lead driver evaluation of trainee's progress dated 4-1-04

Ex. 18  CRST lead driver evaluation of trainee's progress dated 4-8-04

Ex. 19  CRST training Videos

Plaintiff Evoy Objection: Not produced in discovery.

Ex. 20  CRST Van Expedited Professional Driver's Handbook effective May, 2004

Ex. 21  CRST Van Expedited Professional Driver's Handbook effective at the time of the 4/21/04 accident.

Ex. 22  Voluntary statement of Thomas Leopold dated 4-21-04

Ex. 23  Post-accident drug/alcohol test of Thomas Leopold

Ex. 24  Federal Motor Carrier Safety Regulation, 49 CFR 391.51 – General requirements for driver qualification files

Ex. 25  Federal Motor Carrier Safety Regulation, 49 CFR 391.11 – General qualifications of drivers

Ex. 26  Federal Motor Carrier Safety Regulation, 49 CFR 391.41 – Physical qualifications for drivers

Ex. 27  Federal Motor Carrier Safety Regulation, 49 CFR 391.43 – Medical examination; certificate of physical examination

Ex. 28 Federal Motor Carrier Safety Regulation, 49 CFR 390.5 – Definition for "medical examiner"

Ex. 29 *Curriculum Vitae* of Dr. Harry Schwartz (marked for witness use only)

Ex. 30 Report of Dr. Harry Schwartz (marked for witness use only)

Ex. 31 *Curriculum Vitae* of Whitney G. Morgan (marked for witness use only)

Ex. 32 Report of Whitney G. Morgan (marked for witness use only)

Ex. 33 *Curriculum Vitae* of Dr. Robert A. Baade (marked for witness use only)

Ex. 34 Original report of Dr. Robert A. Baade (marked for witness use only)

> Plaintiff Evoy Objection: All references to life expectancy should be removed.

Ex. 35 Addendum Report of Dr. Robert A. Baade (marked for witness use only)

> Plaintiff Evoy Objection: Not produced before expert discovery deadline.

Ex. 36 Second Addendum Report of Dr. Robert A. Baade (marked for witness use only)

> Plaintiff Evoy Objection: Not produced before expert discovery deadline. First produced 1/14/06.

Ex. 37 Table 7 from Report of Dr. Robert A. Baade (for demonstrative purposes)

Ex. 38 Table 11 from Addendum Report of Dr. Robert A. Baade (for demonstrative purposes)

> Plaintiff Evoy objection: Not produced before discovery deadline.

23

Ex. 39 Table 15 from Second Addendum Report of Dr. Robert A. Baade (for demonstrative purposes)

Plaintiff Evoy Objection: Not produced before expert discovery deadline. First produced 1/14/06.

Ex. 40 Summary sheet of scenarios from Dr. Robert A. Baade (for demonstrative purposes)

Plaintiff Evoy objects as Defendants did not produce a portion of the Summary Sheet information prior to expert discovery deadline.

Ex. 41 Timeline of Significant Events (for demonstrative purposes)

Plaintiff Evoy objects as Defendants have not produced this Exhibit.

Ex. 42 Records of Dr. Arthur Barnes' examination of Thomas Leopold in 4 pages.

Ex. 43 Records of Dr. Ali Safdar as redacted.

Plaintiff Evoy objects to records being produced and presented as redacted.

Ex. 44 Anatomical model of the human elbow (for demonstrative purposes with Dr. Hutchinson)

Ex. 45 Advocate Christ Hospital & Medical Center Records

Ex. 46 Rehabilitation Institute of Chicago Records

Ex. 47 St. Anthony Medical Center Records

Ex. 48 Records of Dr. Joseph Mayer

Ex. 49 Records of Dr. Roy Adair

Ex. 50 M & M Orthopedics Records

Ex. 51 Records of Dr. Guido Marra

Ex. 52 Report of Dr. Paul Papierski dated 12-1-04

Plaintiff Wilson's Objection: Plaintiff Wilson objects to the entry of records of Dr. Paul Papierski dated 12-1-04 as he was hired by the worker's compensation carrier for Wilson's employer to evaluate Wilson's work status and settlement of Wilson's worker's compensation claim .

Ex. 53  Records of Edward Hospital

Ex. 54  Records of Community Hospital of Ottawa

8.  Type and length of trial:

Jury trial
4-5 days for Plaintiffs
2-3 days for Defendants

9.  Settlement History:
Plaintiff Evoy version:

Plaintiff Evoy has made a compensatory damages demand of $75 million and a punitive damages demand of $10 million.  CRST indicated on January 11, 2006 that it would not offer in excess of $20 million.  On the recommendation of the mediator, Dick Donohue, the mediation, which took place on January 11, 2006, ended at that point without further negotiation.

Defendants' version:
CRST objects to plaintiff's characterization of its position at mediation. CRST made an opening offer to the plaintiff of $3.5 million in a structured annuity with a payout over time of $10 million. After CRST's opening offer the mediation ended.

11.  Proposed voir dire questions:

Plaintiff Evoy voir dire questions:

1.  After Introducing myself and Joan Evoy I would like to inform the jurors about the case without repeating what your Honor will say in your introductory remarks.

2.  I'd like to introduce my client, Jillian Palenik, to you this morning, however I don't want to undermine her dignity by forcing her to sit here when she's not able.

Defense objection

3.  Does anyone on this jury panel own any stock in the CRST Corporation or

25

have any of you ever owned any stock in that company? Has any member of your family ever owned, or do any of them presently own, any stock in that corporation?

4.     There are some very intelligent people who believe that persons injured by someone else's conduct should not sue for damages as a result of those injuries, that such persons should just bear their own losses. Is there anyone on the panel who thinks that way?

Defense objection to "very intelligent"

5.     Do any of you just not like lawyers, particularly lawyers who try personal injury cases? I have met many people who feel that way, and while everyone has that right, I need to know, to protect my client, if there is anyone on this panel with that type of feeling.

6.     Have any of you, or has any member of your family, ever been involved in an automobile collision which resulted in the filing of any type of claim either by or against you or some member of your family?

7.     Have any of you, or has any member of your family, ever been involved in a vehicle collision which resulted in a lawsuit filed either by or against you or some member of your family or experienced severe injury or illness in some other manner?

8.     Is anyone on this panel presently or has anyone been in the past employed as a truck driver?

9.     Will all of you promise me that you will listen to all of the evidence, and to the judge's instructions on the law, and decide this case fairly and impartially on the evidence and in accord with the instructions?

10.     Have you ever been or do you have a close friend or relative who is or was employed by an insurance or claims adjustment company?

Defense objection. Introduces insurance coverage into voir dire.

11.     Are you a stockholder in an insurance company which issues accident or casualty insurance?

Defense objection

12.     Have you ever been a member of any group or organization that has advocated limiting jury awards in civil cases or has taken any position on the subject?

13.     Have you ever read or heard about such organizations or about the subject of "tort reform" or limiting jury verdicts in civil cases involving personal injuries? If yes, please explain.

Defense objection

14.    Would you be able to put aside any feelings of sympathy for a defendant being asked to pay a large sum of money in order to compensate a plaintiff and award damages solely based on the evidence and the law?

15.    If there is anyone here who, after you've heard the evidence, if you believe that the greater weight and degree of credible testimony is that the future medical care will be between $15 million and $19 million, is there anyone who could not, in addition to that, award a fair and reasonable amount of money, whatever you, individually, whatever you and the rest of the jury believe would be fair and reasonable for Jillian's pain and suffering and loss of a normal life that, in addition to medical costs, she's going to have in the future, for the next fifty-seven (57) years?

Defense objection

16.    Do any of you have any personal convictions or fixed opinions that might make it difficult for you to award fair and adequate damages to Jillian Palenik for the injuries she has suffered, if the evidence during this trial supports such damages?

17.    Plaintiff Joan Evoy will be seeking in excess of $30 million in damages for the injuries and pain and suffering and the loss of normal life her daughter Jillian has suffered. I appreciate that is a lot of money, and it is important that I ask each of you individually how you would feel about awarding anybody such a large sum of money?

Defense objection

18.    Are you familiar with the term "punitive damages"? If yes, do you have a general opinion concerning the appropriateness of punitive damage awards?

Defense objection

**Defendant's Voir Dire Questions**

1.    Does the fact that defendants have admitted negligence prevent them from presenting evidence as to fair and reasonable damages for the plaintiffs?

Plaintiff Evoy Objection: The word "compensatory" should be placed before the word "damages."

27

2.   Are you familiar with prescription medications under the name of Paxil or Seroquel?

3.   Do you know anyone that takes medications such as Paxil or Seroquel?

     Plaintiff Evoy Objection:  Would lead to further questions including personal or
     embarrassing information.

4.   Do you believe anyone taking these types of medications should not be allowed to drive
     an automobile or truck?

     Plaintiff Evoy Objection:  Calls for potential jurors to use medical judgment.

5.   Do you have any feelings for or against people that seek psychiatric or psychological
     treatment?

6.   Without knowing anything else, do you think that a person who is undergoing
     Psychiatric or psychology treatment should not be employed in the work force including
     as a truck driver?
     Plaintiff Evoy Objection:  Broad, vague, ambiguous, irrelevant, calls for potential jurors
     to take on the role of a trucking company safety director and/or health care professional.

7.   CRST is a corporation, do you understand that corporations are composed of people and
     can only act through people?

8.   Can you treat corporations the same way you would treat individuals?

9.   This case involves serious injuries to Jillian Palenik is the fact that she was seriously
     injured in this accident going to affect your ability to be fair to the defendants?

10.  Is there anything about truckers, semi-tractor trailers or trucking companies that would
     not allow you to be fair in this case?

11.  Can you set aside any natural feelings of sympathy towards Ms. Palenik and decide this
     case on the evidence and law given to you by the court?

12.  Has a member of your family, loved one or friend suffered serious brain injury requiring
     long term care?

13.  Is there anything about truckers, semi-tractor trailers or trucking companies that would
     not allow you to be fair in this case?

14.  Can you set aside any natural feelings of sympathy towards Ms. Palenik and decide this
     case on the evidence and law given to you by the court?

28

15. Has a member of your family, loved one or friend suffered serious brain injury requiring long term care?

12. Proposed Jury Instructions:

    a. Agreed Instructions (see proposed Agreed Instructions on disc)

    b. Disputed Instructions (see proposed Plaintiff Evoy, Wilson and Defendant instructions on disc)

Plaintiff Evoy's Objections to Defendants Proposed Jury Instructions:

1. Plaintiff Evoy objects to Defendants' issues instruction and requests that Plaintiff Evoy Instruction No. 3 issues instruction be given in lieu of Defendants' offered issues instruction.

2. Plaintiff Evoy objects to Defendant's measure of damages instruction and requests that Plaintiff Evoy Instruction No. 5- measure of damages instruction be given in lieu of Defendants' offered measure of damages instruction. Defendants' offered instruction does not include loss of a normal life or I.P.I. 30.09 regarding the reasonable expense of necessary help.

3. Plaintiff Evoy objects to Defendants' proposed I.P.I. 41.03 as irrelevant.

4. Plaintiff Evoy objects to Defendants' proposed Evoy Verdict Form A as it does not include items for disfigurement or loss of a normal life.

5. Plaintiff Evoy objects to the use of a Special Interrogatory as repetitive of prior instructions. If the court elects to use a Special Interrogatory, Plaintiff Evoy requests that the Special Interrogatory read as follows: "Did Defendant CRST act willfully and wantonly in entrusting one of its trucks to Thomas Leopold on April 20, 2004?"

Defendants' Objections to Plaintiff Evoy's Proposed Instructions

1. Defendants object to Evoy instructions #1 and #2 on the grounds

29

that the defendants did not act willfully and wantonly as a matter of law, and the issue should not be submitted to the jury.

2.  Defendants object to Evoy instruction #3. The issues are stated, contrary to the instructions given in the Illinois Pattern Instructions, with excessive repetition and emphasis. The language also departs significantly from the formula given in the pattern instruction. It also fails to list the defendants' defenses as issues presented in the case. Defendants also object to the submission of willful and wanton conduct, as well as punitive damages, to the jury.

3.  Defendants object to Evoy Instruction #4 on the grounds that it fails to mention the possibility of finding for the defense on the issue of willful and wanton conduct if the plaintiffs do not prove their case. Again defendants object to the submission of willful and wanton conduct, as well as punitive damages, to the jury. Defendants also object to the extent that this instruction departs from the language of the IPI.

4.  Defendants object to Evoy Instruction #5. "Disability" is more appropriate to the facts of this case, and as such "loss of a normal life" should not be given. Defendants also object to the extent that any element of damages for which there is no basis in evidence should not be given to the jury, and the appropriate measures of damage should be determined subject to the evidence actually admitted.

5.  Defendants object to Evoy Instruction #10. Because the plaintiffs have alleged direct liability for punitive damages on the part of CRST, IPI 35.02 is inappropriate, and IPI35.01 should be given instead. Defendants also object on the grounds that the defendants did not act willfully and wantonly as a matter of law, and the issue should not be submitted to the jury.

6.  Defendants object to Evoy's proposed verdict form on multiple grounds. First and most significantly, the jury is not asked whether defendants' conduct was willful or wanton or not. This allows the jury to award punitive damages even if the defendants' conduct was not willful or wanton. This is contrary to Illinois law as stated in *Kelsay v. Motorola* , 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978), and reiterated many times since then. In addition, there are two lines for punitive damages. Moreover, the

form itemizes both loss of a normal life and disability; these are alternative measures of damage that cannot be given together. See comments to IPI 30.04.01. In addition, the reference to a witness in item 3, "Future medical expenses, including medical care, medical treatment, medical services . . . and all items included on Gary Yarkony's previously disclosed medical life care plan" places undue emphasis on that witness's testimony, and would place the court's imprimatur on that witness's estimate of damages. "Future medical expenses" alone would convey the idea without undue emphasis. In addition, a verdict form, or line on the verdict form, finding for the defendants on the issue of willful and wanton misconduct was not submitted. The references to "Jillian" are inconsistent with the rest of the instructions, which refer to that person as "Jillian Palenik." Defendants also object to the submission of willful and wanton conduct, as well as punitive damages, to the jury.

7.   Plaintiff Wilson's instructions are nearly identical to Plaintiff Evoy's. Defendant objects to the extent that the plaintiffs intend to repeat any instructions.

8.   Defendant objects to Wilson's instructions for the same reasons as the corresponding Evoy instructions, as described fully above.